UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PETER FABIAN MORALES,<br><br>　　　　Defendant. | Case No. 2:21-cr-00279-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.  INTRODUCTION

Defendant Peter Fabian Morales has filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines and for appointment of counsel. (Dkt. 51). Because Morales received the mandatory minimum term of imprisonment, he is not eligible for a reduction of his sentence, and the Court denies the motion.

## II.  BACKGROUND

In 2022, Morales was sentenced after he pleaded guilty to Possession with Intent to Distribute Methamphetamine. (Dkt. 46). The Court sentenced him to 120 months' imprisonment in accordance with the mandatory minimum sentence required under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Dkt. 46 at pp. 1-2). The Presentence Investigation Report (PSR) completed prior to sentencing determined Morales has a subtotal criminal history score of six. (Dkt. 40 at ¶ 53). The PSR further set forth that the instant offense occurred while Morales was under a criminal justice sentence and pursuant to U.S.S.G. § 4A1.1(d) of the sentencing guidelines applicable at the time, two points were added to the Defendant's criminal history score. (Dkt. 40 at ¶ 54). This resulted in a total criminal history score of eight, which established a criminal history category of IV. Morales's total offense level of 33 and criminal history category of IV yielded a guidelines range

MEMORANDUM DECISION AND ORDER - 1

of 188 months to 235 months, as calculated in the final PSR. (*Id*. at ¶ 84). At sentencing, the Court varied from the guidelines and imposed a sentence of 120 months' incarceration, a mandatory minimum sentence. (Dkt. 46; Dkt. 47 at pp. 2, 3).

Morales now requests a reduced sentence based on the Sentencing Commissions' Amendment 821 to the guidelines. Specifically, Morales maintains he is eligible for a reduction under U.S.S.G. § 4A1.1.

### III. LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified, except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

### IV. ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. Part A amended U.S.S.G. § 4A1.1 "to

limit the overall criminal history impact of 'status points' (i.e., the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status)." *Id.* at 60534-02. As applicable here, prior to Amendment 821, a defendant who committed the instant offense "while under any criminal justice sentence" received two additional criminal history points. Amendment 821 amended § 4A1.1 to eliminate such status points for any defendant who otherwise has six or fewer criminal history points.

In this case, the amendment to U.S.S.G. § 4A1.1(d) and (e) does affect the guideline calculation in this case because Morales had six criminal history points; he therefore would not receive a two-point increase in his criminal history score if he were sentenced today. (Dkt 40 at ¶ 54). Instead, his criminal history score would be a six, and the criminal history category would have been a III, which would have yielded a guideline range of 168-210 months rather than 188-235 months. Amendment 821, however, did not change the mandatory minimum sentence, which remains at 120 months—the same sentence to which Morales was sentenced. Because Morales has already been sentenced to the mandatory minimum sentence allowed in this case, he is not eligible for a reduction of his sentence. Accordingly, his motion is denied.

## V. ORDER

**IT IS ORDERED** that Defendant Peter Fabian Morales' Motion for the Sentence Reduction Pursuant to 18 U.S.C 3582(c)(2) and the Amendment 821 and Appoint Counsel Pursuant to Rule 3006A is **DENIED**. (Dkt. 51).

DATED: April 09, 2025

Amanda K. Brailsford
U.S. District Court Judge